IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 13, 2024

## STATE OF TENNESSEE v. ANTHONY EUGENE BARNETT

**Appeal from the Circuit Court for Lawrence County**
**No. 37185    M. Caleb Bayless, Judge**

_____

### No. M2023-00957-CCA-R3-CD

_____

The defendant, Anthony Eugene Barnett, appeals his Lawrence County Circuit Court conviction of theft of services, arguing that his judgment of conviction contains a clerical error by listing the incorrect statute for his conviction and that the trial court erred in denying his oral motion to continue his case, made the day of his trial. Upon review of the record, we remand the case to the trial court for entry of a corrected judgment reflecting the defendant's conviction for theft of services. Because the record includes neither a transcript of the defendant's oral motion to continue his case, the trial court's ruling thereupon, nor a transcript of the trial, we conclude that the issue is waived and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed; Remanded.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TIMOTHY L. EASTER, J., joined.

James Bennett Bush, Summertown, Tennessee, for the appellant, Anthony Eugene Barnett.

Jonathan Skrmetti, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Christi Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 30, 2022, the defendant was charged with one count of theft of services valued at $1,000 or less pursuant to Tennessee Code Annotated section 39-14-104 and with two counts of vandalism valued at $1,000 or less pursuant to Code section 39-14-408. The trial court appointed counsel and scheduled the defendant's trial for May 4, 2023. On May 1, 2023, the defendant filed a "Motion for Defendant to Serve as His Own Lead Counsel," stating his desire for his appointed counsel to "assist at trial with jury selection

and help making timely objections." The record does not indicate whether the trial court ruled upon this motion.

A transcript of the defendant's trial is not included in the record. On May 4, 2023, the defendant was convicted of one count of theft of services and acquitted of the two counts of vandalism. Following a sentencing hearing, the trial court sentenced the defendant to 11 months and 29 days, suspended after serving 30 days in confinement. The defendant filed a timely motion for new trial, challenging the sufficiency of the convicting evidence, the trial court's denial of his motion to continue his trial, and the trial court's denial of his motion to hold his sentencing hearing immediately after the conclusion of his trial.

At the June 22, 2023 motion for new trial hearing, the defendant testified that he was arrested and imprisoned on charges of violation of his probation unrelated to the present case on May 2, 2023. Consequently, he averred that he was unable to compile the evidence he needed to prepare his defense immediately prior to his May 4, 2023 trial. He stated that though his "Motion for Defendant to Serve as His Own Lead Counsel" was still pending, "I was prepared to represent myself" and had contemplated his defense. The defendant instructed trial counsel to request a continuance of his trial because of his imprisonment.

The trial court noted that on May 4, 2023, trial counsel orally moved to continue the trial. The trial court stated that it thereafter called the Lawrence County Sheriff's Office and requested the assistance of deputies to escort the defendant to the defendant's home so he could "acquire any evidence . . . which he has that can benefit him in this trial." The defendant testified that he declined this offer because he did not believe he would have enough time to gather all of the evidence he needed for his defense from his home, estimating that it would have taken three or four hours. Instead, the defendant informed deputies at the Lawrence County jail that he would be able to proceed with his defense so long as he was permitted to access evidence stored on his cell phone.

The defendant argued that he was prejudiced by the trial court's denial of his motion to continue his trial because he was unable to "go to the witnesses' houses and give them a ride to court to be able to have them at court." He testified that these witnesses were necessary to show that he was not at his home "on the day that [the State] allege[s] the theft of services happened." The trial court noted that the State's theory at trial was that the theft of services occurred over the course of a month, rather than on a single day. The defendant nevertheless maintained that, had he been provided enough time to gather the evidence he needed, he could have used it to cross-examine the State's witnesses.

In denying the defendant's motion for new trial, the trial court found:

The Court did not grant the motion for continuance.

The Court sought avenues to go forward with the trial as the Court had continued other trials to take care of [the defendant's] case and tried to ensure that he could get a ride to his residence to get any evidence that he needed, that the 48-hour time frame in which he was incarcerated on a totally separate case, not pertaining to this at all, in regards to a violation of probation, that would not have assisted him in gathering any witnesses. He wouldn't even have had time to properly subpoena individuals to be before the Court for the trial.

And upon giving [the defendant] the opportunity to go to his residence and gather anything, [the defendant] then informed the sheriff's department that everything he needed was on his cell phone, if he could just get access to that.

So[,] the Court is going to deny his Motion for New Trial in relation to that.

This timely appeal followed. On appeal, the defendant argues that his judgment of conviction contains a clerical error and that the trial court erred in denying his oral motion to continue his case.

This court "may at any time correct clerical mistakes in judgments . . . arising from oversight or omission." Tenn. R. Crim. P. 36. Our review of the record reflects that the defendant was charged and convicted of one count of theft of services valued at $1,000 or less pursuant to Code section 39-14-104. The judgment for this conviction misidentifies the conviction as theft of services valued at $1,000 or less pursuant to Code section 39-14-103, which is the statute for theft of property. *See* T.C.A. § 39-14-103. We therefore remand this cause for correction of the defendant's judgment of conviction to reflect the defendant's conviction for theft of services valued at $1,000 or less pursuant to Code section 39-14-104 rather than Code section 39-14-103.

The defendant also argues that the trial court erred in denying his oral motion to continue his trial. However, a transcript of the trial is absent from the record, and we have not been presented with any other recording of the defendant's motion to continue or the trial court's ruling thereupon. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Brown*, 373 S.W.3d 565, 571 (Tenn. Crim. App. 2011) (quoting *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991)).

At the June 22, 2023 hearing on the defendant's motion for new trial, the State noted that no transcript existed to record the trial because it was a misdemeanor. Our

review of the record also reveals that the defendant did not file a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c).  Though the record includes transcripts of the defendant's sentencing hearing and motion for new trial hearing, these alone are insufficient to give a "fair, accurate and complete account of what transpired" with respect to the defendant's oral request for a continuance.  Tenn. R. App. P. 24(b).  The defendant's failure to file a statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c) further limits our ability to conduct a meaningful appellate review of the issue presented.  Without complete evidence of the relief the defendant requested at trial and the trial court's ruling thereupon, we must presume the trial court acted appropriately.  The issue is waived.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded to the trial court for entry of corrected judgment to reflect the defendant's conviction under the proper statute.

_____
JAMES CURWOOD WITT, JR., JUDGE